**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**


| | |
|---|---|
| Qiu-Yun Zhang, individually and on<br>   behalf of others similarly situated<br>4240 Bowne Street, #2E<br>Flushing, New York  11355 | )<br>)<br>)<br>)<br>)<br>) |

Qiu-Yun Zhang, individually and on
   behalf of others similarly situated
4240 Bowne Street, #2E
Flushing, New York  11355     )     CASE NO.
     )
     )     JUDGE
     Plaintiff,     )
     )
     )
     vs.     )     CLASS ACTION COMPLAINT
     )     (JURY DEMAND)
TV Brands Direct , Inc.     )
dba Green Room Marketing     )
c/o Ali Solami, Statutory Agent     )
9019 Oso Ave Ste E     )
Chatsworth, CA 91311-6212     )
     )
Ali Solami     )
dba TV Brands Euco Clean     )
dba Euco Clean     )
9019 Oso Ave Ste E     )
Chatsworth, CA 91311-6212     )
     )
     Defendants.     )


## INTRODUCTION

1.  This case is about marketplace deception:


> Deception permeates the American marketplace. Deceptive marketing harms
> consumers' health, welfare and financial resources, reduces people's privacy and
> self-esteem, and ultimately undermines trust in society.[1]

---

[1] Deception In The Marketplace: The Psychology of Deceptive Persuasion and Consumer
Self-Protection (1st Edition 2009), see https://www.amazon.com/Deception-
Marketplace-Psychology-Persuasion-Self-Protection/dp/0805860878.

2.  Defendants deceived Plaintiff in the ubiquitous e-commerce transaction on Web site www.eucoclean.com (the "Site"), wherein Defendants advertised and offered to sell "All Natural EucoClean 3-in-1," aka EUCOCLEAN 3-IN-1 BED BUG DEFENSE SYSTEM and EUCOCLEAN NATURALS LICE AWAY (collectively the "Product").

3.  Defendant TV Brands Direct, Inc. ("TVB"), of which Defendant Ali Solami is CEO, manages Mr. Solami's "Eucoclean" brand. TVB and Solami shall hereafter be referred to at times as "Defendant."

4.  All Natural EucoClean 3-in-1 is a three-pronged household product, to wit: it cleans, control insects, and freshens the air. Eucoclean Naturals Lice Away also purports to sterilize simultaneously while treating for lice infestation.

5.  Plaintiff took specific note of Defendant's representations relating to the all natural, non-toxicity of its bedbug-cleaning Product:[2]

### All Natural EUCOCLEAN 3-in-1

- Affordable
- Non-Toxic and Safe for use around Children and pets.
- Effective against fleas, ticks, ants, spiders, lice, and all other bugs!
- All Natural
- Eliminate bugs AND naturally sterilize surface at the same time.
- Eco-Friendly Solution
- Protects against future infestation

6.  Plaintiff took specific note of Defendant's representations relating to the all natural, non-toxicity of its lice-cleaning Product:

---

[2] https://www.eucoclean.com/products/eucoclean-3-in-1-bed-bug-defense-system.html

100% NATURALLY DERIVED
Eliminates lice on contact and helps prevent future infestations. All Natural with no synthetic toxins or fumes, EucoClean Lice Away is your first line of defence against lice infestations in your home.

7. Defendant encourages customers to use the Product around children and pets:[3]

All Natural EucoClean 3-in-1 is not only affordable; it is your all-natural, chemical-free solution to getting rid of germs, odors and bugs! Because we use only the most natural of ingredients in our product, All Natural EucoClean 3-in-1 is safe to use around children and pets!



8. On one web page, accessible to Plaintiff in order to "Learn More" about the 3-in-1 Product, Defendant states: "DERIVED DIRECTLY FROM MOTHER NATURE." [4]

---

[3] *Id.*
[4] https://www.eucoclean.com/about.html

9.  The Site does not provide shoppers access to Product ingredients, thus leaving shoppers with no way of critically evaluating Defendants' "all natural" claims.  Further, the Site does not disclose the name of any corporate entity responsible for the manufacture or marketing of the Product.  A video reinforces the foregoing:





10. Those who purchase Product from third-party sites such as Amazon see the same essential representations, drafted by Defendant:[5]

---

[5] https://www.amazon.com/Natural-Eucoclean-Killer-Defense-System/dp/B00FK9NRGU

**All Natural** Eucoclean 3-in-1 Bed Bug Spray Killer and Defense System -
Effective Against Fleas, Ticks, Ants and Dust Mites - 750milliliter - A Household
Cleaner that **Naturally** Eliminates Pests
*4.1 out of 5 stars*    223 customer reviews

Price:  $14.99 + $5.00 shipping
Scent: **Bed Bug & Flea - Eucalyptus**
Size: **Pack of 1**

- ECO-FRIENDLY - a **natural** and safe Bed Bug defense system that really
  BUGS BUGS, not people; NO harmful chemicals or pesticides used
- **ALL NATURAL** - harnesses the power of **all-natural**, pure Eucalyptus
  Essential Oil to effectively eliminate bugs and knock out tough grease and
  grime; made with pure Australian eucalyptus essential oil and contains no palm
  oil
- EFFECTIVELY ELIMINATES bed bugs, dust mites, fleas, lice, ants, ticks,
  spiders, moths and much more
- MULTI-PURPOSE - surface disinfectant and cleaner, air conditioner purifier,
  deodorizer and household grade surface cleaner; also removes MOLD
- IDEAL for mattresses, bedding, living room furniture, pet-ware and pet
  bedding, kitchen surfaces, shopping cart handles, tables, suitcases, carpets and
  other places where BED BUGS like to hide. Kills most germs on surfaces

(emphasis added)  See also www.walmart.com/ip/All-Natural-Eucoclean-3-in-1-Bed-

Bug-Flea-and-Dust-Mite-Defense-System-750ml/41157511 ("With **All Natural**

EucoClean 3-in-1 it's so easy to be proactive and never have to worry about bugs

again!");

http://www.ebay.com/itm/like/282980162022?vectorid=229466&lgeo=1&item=2829801

62022&rmvSB=true.



11. Although the Site repeatedly represents the Product to be  "All Natural" and non-toxic, the Product, in fact, contains a synthetic chemical known as Alcohol Ethoxylate, which toxic substance is the result of a direct reaction of higher alcohols, acids or amines with ethylene oxide in the presence of an alkaline catalyst at a temperature of 120–180 °C (250–360 °F). Such chemistry is precisely what consumers seek to avoid in purchasing "all natural." The Natural Products Association's ("NPA") Standard and Certification for Personal Care Products forbids ethoxylated ingredients from being called "natural."[6] Representing the Product to be "All Natural" is a violation of Sections 349-350 of the New York Business Code.[7]

12. Defendants market the Product in part by representing impressive unit sales volume in marketing pieces and on the proprietary website:[8]

## ALL NATURAL EUCOCLEAN 3-IN-1
## OVER 1 MILLION BOTTLES SOLD

Defendants target the African American Community through their purported "national spokesperson," whom they represent as "Dewayne Waide," with claims of a million units sold per year "in major cities such as Chicago, New York, Los Angeles, Detroit and

---

[6]https://www.npainfo.org/App_Themes/NPA/docs/The%20Natural%20Standard%20010214.pdf.

[7] Defendant does not disclose, anywhere, the type of alcohol ethoxylate used in the Product.  A typical cleaning agent would be Type C7-21, carrying the following risks: "[e]vidence of cancer; developmental/endocrine/reproductive effects; damage to DNA." See https://www.ewg.org/guides/substances/151932-AlcoholethoxylatesC721#.W0Oc2i3Mzwc

[8] https://www.eucoclean.com

Dallas."[9]  Initial research indicates that the only American citizen known as DeWayne

Waide died in 1988, some 25 years prior to the promulgation of the subject marketing

piece.  Consumers may believe, however, that the celebrated basketball player, Dwyane

Wade, is Defendant's spokesperson, recommending the Product.

13. The lice-cleaning Product deceptively represents (on the rear label inaccessible prior

to purchase) that the Product contains alcohol in order to conceal that the Product

contains alcohol ethoxylate:[10]



14. The Environmental Working Group has studied dozens of alcohol ethoxylates and, on

a scale of A to F, [11] has graded all of them as C or D.[12]

---

[9] **With Over 1 Million Bottles Distributed, Eucoclean Is Now In High Demand in African AmericanCommunities, http://www.blacknews.com/news/dewayne_waide_eucoclean_bed_bugs_black_communities101.shtml#.W2CClC3Mzwc**http://www.blacknews.com/news/dewayne_waide _eucoclean_bed_bugs_black_communities101.shtml#.Wzo8gC3Mzwc

[10] Alcohol ethoxylate is a surfactant, a synthetic compound that lowers the surface tension between two surfaces, thus allowing a second product to act as a detergent. Alcohol is unsuitable, absent chemical synthesis, as a surfactant.

[11] The coal Working Group ("EWG") is an American environmental organization that specializes in research and advocacy in the areas of toxic chemicals.  EWG has created a cosmetics safety database which indexes and scores products based on their ingredients. Known as "Skin Deep," this cosmetics safety database pairs ingredients in over 79,000 products against 50 toxicity and regulatory databases. The database is intended as a resource for consumers, who can search by ingredient or product when choosing personal care products.  The concerns are: cancer, reproductive/developmental toxicity, neurotoxicity, endocrine disruption potential, allergies/immunotoxicity, restrictions/warnings, organ system toxicity, persistence/bioaccumulation, multiple/additive exposure, mutations, cellular/biochemical changes, ecotoxicity, occupational hazards, irritation, absorption, impurities, and miscellaneous.

[12]

15. Defendant's advertising singles out Eucalyptus, a natural oil from Australia, as the Product's primary ingredient, while representing the Product as an "ALL NATURAL CLEANER" . . . all the while omitting to mention Alcohol Ethoxylate, a synthetic component of the Product's cleaning aspect. Concealing a synthetic ingredient while highlighting a natural ingredient in an alleged "all natural" product was a second deceptive act and practice under Sections 349-350 of the New York Business Code.

## JURISDICTION AND VENUE

16. Claims asserted herein arise under the laws of the State of New York.

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000,[13] exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendant are citizens of different states. Additionally, this Court has diversity jurisdiction under 28 U.S.C. § 1332 (a) because the parties are of diverse citizenship and more than $75,000.00 is in controversy.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions alleged herein, including the marketing, advertising, purchase and receipt of the product at issue, occurred in New York County, New York.

## PARTIES

19.    Plaintiff Qiu-Yun Zhang is a resident of Queens County, New York, who works in Manhattan and purchased a container of "Product" online, on the Site, on or about July 16, 2018. Plaintiff read Defendants' "all natural" representations, and

---

https://www.ewg.org/guides/search?page=1&per_page=15&q=alcohol+ethoxylate&search=alcohol+ethoxylate&type=substances&utf8=✓&x=0&y=0#.WzlpbC3Mzwd

[13] See n.9 *supra* and accompanying text.

purchased the Product as a multi-purpose household product, as advertised[14] Upon using

the Product for personal and household purposes, and perceiving a noticeable scent,

Plaintiff reviewed the Product container to further assure herself that Product was indeed,

as advertised, "all natural."

      20.    Plaintiff examined the 3-in 1 Product container:



      21.    Although Defendant lists Alcohol Ethoxylate[15] and Cocamido Propyl

Betaine[16] as "Natural Ingredients," both are synthetic compounds with material toxicity

concerns. Cocamidopropyl Betaine is a synthetic surfactant, associated with irritation

and allergic contact dermatitis, reactions that may be due to the ingredient itself of

impurities present.[17]

---

- [14] Defendants advertise that "All Natural EucoClean 3-in-1 is all you will ever need to keep your home, office, or any place clean, bug-free, and fresh!" It advertises Eucoclean Naturals Lice Away as "Naturally sterilizes surfaces at the same time." https://www.eucoclean.com/products/eucoclean-3-in-1-bed-bug-defense-system.html

[15] See https://www.amazon.com/Natural-Eucoclean-Killer-Defense-System/dp/B00FK9NRGU

[16] https://www.ewg.org/skindeep/ingredient.php?ingred06=701520#.W2xWMS3Mzwc

[17] https://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/

22.     Plaintiff examined the Lice Away Product container and made findings as to the use-and concealment—of Alcohol Ethoxylate.  See ¶13 *supra.*

23.     When Plaintiff made her purchase, she did not know Alcohol Ethoxylate and Cocamido Propyl Betaine were Product ingredients and did not know the Product was not "all natural."

24.     Once aware of Product's synthetic ingredients and their harm-causing potential, Plaintiff was appalled and seeks to effect through this suit a much-needed correction of Defendant's unfair and deceptive practices.

25.     TV Brands Direct, Inc. dba Green Room Marketing is a California Corporation (No. C2692134) with its principal place of business at 9019 Oso Ave., Suite E, Chatsworth, CA 91311.    TVB operates the website wherein the challenged representations at suit are made.[18]  TV Brands does not itself disclose a manufacturer or distributor of Product.  TVB's sole corporate activity is the provision of "Marketing Services" to others, e.g. brand owners, such as Defendant Ali Solami.  See Statement of Information, State of California, No F797839, filed for TV Brands Direct, Inc., CA Corp.

26.     Ali Solami dba TV Brands Euco Clean, dba Euco Clean, owns and/or controls the Product brand, being Euco Clean, and is CEO of TV Brands Direct, Inc.  Mr. Solami is individually responsible for all actions challenged herein as wrongful.

**PRIOR FEDERAL TRADE COMMISSION PROCEEDINGS
CONCERNING "ALL NATURAL" AND "100% NATURAL" CLAIMS**

27.     The Federal Trade Commission has made clear in its official pronouncements, rules and orders that it is false and deceptive to advertise or package a

---

[18] https://www.eucoclean.com/privacy-policy.html

product as "All natural" or "100% Natural" if it contains one or more synthetic products. https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate.

28.     The Federal Trade Commission has made clear in its official pronouncements, rules and orders that "[i]f companies market their products as 'all natural' or '100% natural,' consumers have a right to take them at their word." *Id.*

29.     The Federal Trade Commission has provided a uniform prerequisite of "All Natural" and "100% Natural," i.e. zero synthetic ingredients.

30.     As a significant player in the household products industry, BPI is keenly aware of its regulatory environment and the risks associated with non-compliance.

31.     The Federal Trade Commission has recently sued and settled with four personal care products manufacturers, and is litigating with a fifth, by reason of "All Natural" or "100% Natural" representations, thereby affording definitive guidance to the industry, consumers and the courts.

32.     Defendants have violated the law for many years, have not heeded the FTC's warnings, and have found great financial success in deceiving the public.


**FACTS**

33.     Movement to "natural" and "green" consumer products is apparent in the entire cross section of consumer purchasing, be it fabrics, cosmetics, food, personal care products, medicine or other item bought for family and household use. This growing market segment seeks "green" for reasons of personal health and ethical living.  With this

demand for the "natural" comes an occasion for profit-driven marketers to deceive consumers as to product features that the consumer cannot verify on her own.

34.     Insecticide and pesticide sales, cleaning products and air fresheners are areas of the consumer marketplace where "under the radar" deception can be practiced with a small likelihood of detection.

35.     Defendant's conduct harms consumers by inducing them to purchase and utilize the purported All Natural Product, on the false premise that it is All Natural when, in fact, Product contains two ingredients—both toxic--that are not natural.

36.     "All Natural" is a material factor in each consumer's selection of Product. Consumers acting reasonably under the circumstances, however, cannot detect the presence of synthetic ingredients and, hence, may use the Product for months or years unwittingly.  Such usage may lead to bioaccumulation of toxic material.

37.     Defendants individuated Product by claiming "All Natural" to enable, unjustly, enhanced profitability and market share.

38.     Throughout the Class Period and long before, Defendants systematically and prominently advertised, labeled and packaged the Product as "All Natural" such that any consumer shopping the Product was necessarily exposed to these misrepresentations.

**INJURY AND DAMAGES**

39.     Plaintiff brings this lawsuit for injunctive relief, individually, to stem the ongoing deceptive practices aforesaid and restore a measure of commercial decency where it is wanting.

40.     Plaintiff also brings this lawsuit for damage relief, individually and on behalf of a New York Class, pursuant to Section 349 aforesaid to recover statutory or actual damages as therein provided.

41.     Based on Defendant's representations that the Product is All Natural, Plaintiff and the Class were entitled to receive All Natural Product. Instead of receiving products that were All Natural, however, Plaintiff and the Class received Product containing synthetic chemicals. Such a product is worth ascertainably less than an All Natural Product. The differential of Product value received over value bargained for constitutes class member damages.

42.     Notwithstanding its use of Alcohol Ethoxylate and Cocamido Propyl Betaine, all the while representing "All Natural," Solami/TVB deceived consumers into buying Product that consumers perceive to be a top-quality, safer product for a higher price than similar products offered by honest competitors that do not charge an "All Natural" premium . This aspect of Defendant's marketplace fraud and deception is outrageous and warrants punitive damages.

43.     Whereas the 3-in-1 Product is priced at $20.00 for 750 mi. (about 25 oz.), or $.80 per ounce, a similar amount of a similarly toxic product, to wit: Zepol Labs Bed Bug Killer 16oz, Natural Organic Formula would cost no more than $.56 per ounce, or about $.24 per ounce less than the misrepresented Product.[19]

44.     "Neem oil is a naturally occurring pesticide that's derived from seeds of the neem tree. Azadirachtin is the most active component of neem oil that helps repel

---

[19] https://www.amazon.com/Zepol-Labs-Natural-Organic-Formula/dp/B07DT4229X/ref=sr_1_19?ie=UTF8&qid=1530744214&sr=8-19&keywords=all+natural+bed+bug+killer

insects and pests due to its strong smell.[20] The Environmental Protection Agency has reported that neem oil can be safe and effective against bed bugs both in both private homes and other commercial environments."[21]  Accordingly, there *does* exist a biochemical, all natural remedy for bed bug infestation and, to the extent that the cost of the neem oil/all natural bed bug remedy exceeds the cost of the Product, class members are entitled to be compensated.

45.    CIRKIL® RTU features neem oil alone as its active ingredient, and all other ingredients are represented as meeting the requirements of the US National Organic Program.  Its cost is about $1.76 per ounce.  Thus, class members are entitled to recover $.96 per ounce purchased from Defendant as the insufficiency of consideration, i.e. loss of benefit of the bargain.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff brings this action on behalf of herself (injunction) and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a New York statewide class she seeks to represent (damages), defined as:

> All New York residents and others who have purchased Product[22] at any time within the applicable statute of limitations (the "Class Period") within the State of New York (the "Class")

47.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

48.    Plaintiff reserves the right to amend the Class definition, and to add

---

[20] Bed Bug Product contains an unknown amount of Azadirachta Indica, as per Amazon's ingredient list; but primary reliance appears to be on eucalyptus.
[21] https://draxe.com/bed-bug-bites/
[22] All Natural EucoClean 3-in-1 and/or Eucoclean Naturals Lice Away

subclasses, as warranted by facts discovered.

46.     Excluded from the Class are Defendant; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

47.     Class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

48.     Numerosity—Federal Rule of Civil Procedure 23(a)(1). The members of the Class are so numerous that joinder is impracticable. Upon information and belief, there are thousands of individual purchasers of the Products. The precise number of class members is unknown to Plaintiff, but may be ascertained, including by objective criteria. Defendant has advertised the sale of millions of Product units, highlighting sales in New York City, which indicates extensive class membership therein.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

49.     Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) & 23(b)(3). This action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class. Common questions include:

> (a) Whether TVB and Salomi represented and continue to represent Product as All Natural;
>
> (b) Whether Defendant's marketing representations are false, deceptive, and misleading;
>
> (c) Whether Defendant's representations are likely to deceive a reasonable consumer;

(d) Whether Defendant had knowledge that its representations were false, deceptive, and misleading;

(e) Whether Defendant continues to disseminate its representations despite knowledge that the representations are false, deceptive, and misleading;

(f) Whether a representation that Product is All Natural is material to a reasonable consumer of natural products;

(g) Whether Defendant violated Sections 349-350 of New York Business Code;

(h) Whether Defendant's marketing and pricing of Product causes reasonable consumers to pay more for Product than for a comparable product not claimed to be "All Natural;"

(i) Whether Product is worth ascertainably less than genuine all-natural bedbug or lice treatment product and, if so, the marginal difference thereof;

(i) Whether Plaintiff and members of the Class are entitled to statutory damages of $50 per class member under Section 349(h).

50.    Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

51.    Typicality—Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through the uniform misconduct described above and were subject to Defendant's false, deceptive, misleading, and unfair labeling and marketing practices, including the false claims that the Product is All Natural. Further, there are no defenses available to Defendant unique to individual Class Members.

52.     Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).

Plaintiff is an adequate representative of the members of the Class because her interests

do not conflict with the interests of the other members of the Class she seeks to represent;

she has retained competent counsel with experience in complex class action litigation;

and Plaintiff will prosecute this action vigorously. Class Members' interests will be fairly

and adequately protected by Plaintiff and her counsel.

53.     Superiority—Federal Rule of Civil Procedure 23(b)(3). A class action is

superior to any other available means for the fair and efficient adjudication of this

controversy, and no unusual difficulties are likely to be encountered in the management

of this class action. The damages or other financial detriment suffered by Plaintiff and the

other members of the Class are relatively small compared to the burden and expense that

would be required to individually litigate their claims against Defendant, so it would be

impracticable for members of the Class to seek redress for Defendant's wrongful conduct

on an individual basis. Individualized litigation would also pose the threat of significant

administrative burden to the court system. Individual cases would create the potential for

inconsistent or contradictory judgments, and would increase delay and expense to all

parties and the court system. By contrast the class action device presents far fewer

management difficulties and provides the streamlined benefits of singular adjudication

and comprehensive supervision by one court. Given the similar nature of the class

members' claims, the Class will be easily managed by the Court and the parties and will

be managed more efficiently in this integrated class action than through multiple separate

actions.

**COUNT I:**
**New York Consumer Protection from Deceptive Acts and Practices Act**
**(N.Y. Gen. Bus. Law §§ 349)**
**On Behalf of the New York Class**

54.     Plaintiff re-alleges all preceding allegations as though set forth at length.

55.     New York General Business Law ("NYGBL") §349 provides: Deceptive acts or practices in the conduct of any business, trade or commerce or the furnishing of any service in this state are hereby declared unlawful."

56.     Defendant's representations of its Product are consumer oriented.

57.     As above alleged, Defendant engaged in deceptive acts and practices within the meaning of NYGBL §349, vis-à-vis statements on the packaging, advertising and marketing, as follows: the Product is "All Natural" was deceptive;

  a.  the representation that the Product is free of harsh chemicals is deceptive;
  b.  the Product was "chemical-free" is deceptive; and
  c.  the Product is "DERIVED DIRECTLY FROM MOTHER NATURE" is deceptive.

58. Plaintiff read and reviewed the packaging and advertising prior to purchase, noted all of the representations a. through c., and alleges that all of them were material to Plaintiff's decision to purchase Product.

59. Defendant violated NYGBL §349 and, as a consequence of such misconduct, Plaintiff and the other members of the Class suffered injury and have been damaged in an amount equal to the greater of the (i) overpayment for the Product (¶39 *supra)*, or (ii) the insufficiency of consideration (¶ 41 *supra*).

## COUNT II
### Violation of §§349-350 of the New York General Business Law (Injunction)
### Individually

60.     Plaintiff re-alleges all preceding allegations as though set forth at length.

61.     Plaintiff is entitled to obtain injunctive relief to protect the public from

Defendant's deceptive practices:

> Given the afore cited purpose of the statute, to encourage private enforcement
> of consumer protection, to strongly deter deceptive business practices, and to
> supplement the activities of the New York State Attorney General in
> prosecuting consumer fraud complaints, I hold that the Legislature intended
> the irreparable injury at issue to be irreparable injury to the public at large, not
> just to one consumer.

*Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 608 (S.D.N.Y. 2012), citing *McDonald v.*

*North Shore Yacht Sales, Inc.,* 134 Misc. 2d 910, 513 N.Y.S.2d 590 (Sup. Ct. 1987).

WHEREFORE Plaintiff, on behalf of herself and the Class prays as follows:

a.   An order certifying this case as a class action, designating Plaintiff as the
     representative of the Class and her counsel as class counsel;

b.   A permanent injunction against Defendants TV Brands Direct , Inc. and Ali
     Solami enjoining and restraining them from representing in advertising,
     packaging, marketing or labeling its Product as All Natural;

c.   Statutory damages pursuant to NYGBL §349;

d.   Attorney fees; and

e.   Costs.

/s/ Mark Schlachet_____
Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216) 225-7559
(216) 932-5390(f)
[markschlachet@me.com](mailto:markschlachet@me.com)

*Attorney for Plaintiff*
*Qiu-Yun Zhang*